Sidney A. Fine, J.
Defendant moves upon the pleadings to dismiss the complaint and his own counterclaim. The complaint seeks damages for alleged slanders of plaintiff by defendant. The counterclaim is based upon slander of defendant claimed to have been uttered by plaintiff.
The sole ground of the motion, as revealed in defendant’s memorandum of law, is a statement of Lord Manseield that where ‘ two men are concerned in publishing monstruous libels against each other every day, there can be no claim to damages on either side ”. (Finnerty v. Tipper [1809] 2 Camp. 72, 77.) The language of Lord Manseield’s opinion immediately preceding said quotation indicates, however, that he was referring only to the amount of damages. After remarking that a man in the habit of libelling others cannot be supposed to suffer much injury from being libelled himself, Lord Mansfield had continued as follows: ‘ But I cannot say that he suffers none, *72 or that he loses his right to maintain any such action. The evidence * * * does not amount to an absolute defense in law, but will be most essential with respect to the damages.” The court actually held in favor of the plaintiff. It did not dismiss the complaint. The opinion was rendered after trial.
In Valdivieso v. El Diario Pub. Co. (18 A D 2d 1072), cited by defendant, the reference to Lord Mansfield’s opinion was made in the dissenting opinion, which merely took the position that good defenses of qualified privilege of reply to plaintiff’s articles were pleaded. The case is not authority for the relief sought on the present motion.
It is important to note, moreover, that plaintiff’s reply denies the allegations of the counterclaim charging him with slandering defendant. These denials may not be disregarded on a motion such as this, predicated solely ‘ ‘ upon the pleadings. ’ ’ Obviously, plaintiff’s cause of action may not be dismissed merely because of defendant’s controverted charge that plaintiff had slandered him.
The motion is denied on the ground that the plaintiff denies the allegations of the counterclaim, and on the further ground that, even if those allegations were admitted, defendant would not Tie entitled to a dismissal of the complaint.